Bertram Harnett, J.
In February, 1971, Posch was found medically ineligible for the position of police patrolman after a meeting with the Nassau County Civil Service Commission. He seeks, in this article 78 proceeding, to compel a rehearing of that determination on the grounds that he was not represented by counsel at the meeting. He must lose; there is no requirement of counsel under the circumstances.
The facts are not complicated. The commission’s examining physician found that Posch was medically unfit because his right *1054 leg was shorter than his left, requiring a corrective shoe heel. The commission by letter dated January 28, 1971 advised Posch of its preliminary determination that he was medically ineligible and further notified him of his “ opportunity to make explanation and to submit facts in opposition to such proposed disqualification ’ ’ and of his ‘ ‘ opportunity to appear before the Commission ”.
Posch appeared before the commission on February 22, 1971 without counsel and attempted to ‘1 explain ’ ’ that his leg length differential would not interfere with his work. No new medical evidence was submitted, and the commission notified Posch on February 26, 1971 that it adhered to its initial determination. In November, 1971, Posch requested a rehearing and was notified on January 12, 1972 that the commission denied his request. The correctness of the commission’s determination of Posch’s medical ineligibility in February, 1971 is not now before the court, since the Statute of Limitations expired on that claim before this proceeding was commenced on February 14, 1972. (CPLR 217.)
The only question presented here is whether Posch should have been advised of his right to counsel before his appearance before the commission.
Subdivision 4 of section 50 of the Civil Service Law provides: “No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification ”.
The ‘ ‘ opportunity to make an explanation ’ ’ provided by statute is not a formal trial-type adversary hearing (Matter of Adler v. Lang, 21 A D 2d 107; Matter of Ross v. Lang, 22 A D 2d 645), and there is no concomitant requirement that the applicant be advised of his right to counsel. Such an appearance is merely a chance to offer further evidence in support of the applicant’s qualification and does not apparently include the right to swear witnesses or cross-examine the evidence on which the commission initially .relied in ruling the applicant ineligible. (See Matter of Town of Waterford v. Water Pollution Control Bd., 5 N Y 2d 171, 182.) While the statute permits, but does not require, a municipal Civil Service Commission to adopt more formalized procedures including representation by counsel (Matter of Adler v. Lang, supra), the Nassau County Civil Service Commission has not done so. The commission may have characterized the meeting as a “hearing”, and likewise had a record of the meeting transcribed, but these actions did not *1055 elevate the nature of the proceeding so as to create a right to counsel.
This is not a case calling for constitutionally required procedural safeguards since no entitlements “presently enjoyed ” are being suspended or denied. (Cf. Goldberg v. Kelly, 397 U. S. 254 and Matter of Hecht v. Monaghan, 307 N. Y. 461 with Matter of Sumpter v. White Plains Housing Auth., 29 N Y 2d 420. Cf. Matter of O’Brien v. Commissioner of Educ. 4 N Y 2d 140, app. dsmd., 361 U. S. 117; Matter of Scuiletti v. Sheridan, 12 A D 2d 801.)
Accordingly, the application is denied and the petition dismissed.